**PAT CLARK SPORTS, INC., Plaintiff,**

v.

**CHAMPION TRAILERS, INC.; Champion Trailers Acquisition Company, LLC; DC Investments, LLC; Obsidian Enterprises, Inc.; Reelcraft Industries, Inc.; and The Gates Corporation, Defendants.**

**Champion Trailers, Inc., Cross Claimant,**

v.

**Reelcraft Industries, Inc. and The Gates Corporation, Cross Defendants.**

No. 2:06–CV–00180–PMP–LRL.

United States District Court, D. Nevada.

April 25, 2007.

Mark R. Borghese, Weide & Miller, Ltd., Las Vegas, NV, for Pat Clark Sports, Inc.

Aaron D. Lovaas, Shimon & Lovaas, P.C., Las Vegas, NV, for DC Investments, LLC.

Stewart C. Fitts, Smith Larsen & Wixam, Las Vegas, NV, for Obsidian Enterprises, Inc.

Lon A. Burke, Laxalt & Nomura, Ltd, Las Vegas, NV, for Reelcraft Industries, Inc.

Michael M. Edwards, Lewis Brisbois Bisgaard & Smith, LLP, Las Vegas, NV, Jennifer W. Arledge, Las Vegas, NV, for Gates Corp.

Ben West, Thomas G. Grace, Santoro, Driggs, Walch, Kearney, Johnson & Thompson, Las Vegas, NV, for Champion Trailers, Inc.

## ORDER

PRO, District Judge.

Presently before the Court is Defendant DC Investments, LLC's Motion to Dismiss (Doc. # 52), filed on January 19, 2007. Plaintiff Pat Clark Sports, Inc. filed an Opposition (Doc. # 61) on February 8, 2007. Defendant filed a Reply (Doc. # 64) on February 21, 2007.

## I. BACKGROUND

In September 2002, Plaintiff Pat Clark Sports, Inc. entered into a contract with Defendant Champion Trailer, Inc. ("Champion") for the construction of two trailers to transport race vehicles and equipment to and from racing events. (Am. Compl. [Doc. # 25] at 3.) According to the Amended Complaint, the contract included a warranty that the trailers would be free from defects and suitable for use in racing events. (Id.) However, Plaintiff contends that upon receiving and using the trailers, several serious defects were "immediately apparent." (Id.) The defects included a malfunctioning air conditioning system, a malfunctioning lift gate, a defective rear hydraulic door reel, and defective brake drums. (Id.) Plaintiff alleges it immediately contacted Champion and advised it of the defects. (Id. at 4.) Champion indicated it would repair the trailers, but according to Plaintiff, Champion was unable or unwilling to make the necessary repairs and the trailers continue to have problems. (Id.)

In February 2003, Plaintiff and Champion entered into another contract for the construction of a living quarters trailer to be outfitted with bunks, a kitchen, and a bath. (Id. at 5.) Plaintiff contends it made an initial down payment of $25,000 and a progress payment of $113,020, but by 2005 Champion had not completed the trailer. (Id.) The parties agreed to cease work on the trailer, but Champion has refused to issue a refund to Plaintiff for the amounts Plaintiff paid. (Id.) According to the Amended Complaint, Champion transferred the trailer to Champion Trailer Acquisition Company, LLC ("Champion Acquisition") for no value or less than reasonably equivalent value. (Id.) The Amended Complaint further alleges that in June 2005, Champion Acquisition sold the trailer for $300,000 to Defendant DC Investments, LLC ("DC"). (Id.) Champion Acquisition applied the $300,000 to an outstanding balance rather than receiving the $300,000 in cash from DC. (Pl.'s Opp'n, Ex. 7.)

Plaintiff brought suit in this Court against Champion on February 14, 2006. (Compl.[Doc.# 1].) On December 7, 2006, Plaintiff filed an Amended Complaint adding claims and defendants. Among the new claims and defendants, Plaintiff asserted Champion and/or Champion Acquisition fraudulently transferred the living quarters trailer to Defendant DC as an insider. (Am. Compl. at 10–11.)

Defendant DC moves to dismiss for lack of personal jurisdiction and for improper venue. Defendant DC contends it has no contacts with Nevada to support general jurisdiction and it did not avail itself of Nevada to support specific jurisdiction. Alternatively, Defendant DC argues venue is improper because Plaintiff cannot use the forum selection clause in the contract between itself and Champion to force an improper venue on Defendant DC who was not a party to the contract.

Plaintiff responds specific jurisdiction exists because Defendant DC engaged in the fraudulent transfer with knowledge of Plaintiff's contract. Plaintiff alleges Defendant DC thus engaged in intentional conduct the effects of which it knew would be felt in Nevada by a Nevada company. Alternatively, Plaintiff requests the Court permit Plaintiff to engage in discovery related to personal jurisdiction. As to ven-

ue, Plaintiff argues venue is proper because all Defendants reside in the district as defined in the venue statute due to the corporate Defendants being subject to personal jurisdiction in this district.

## II. PERSONAL JURISDICTION

■ Where no applicable federal statute governs personal jurisdiction, the Court must use the long-arm statutes of the state in which it sits. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003). Nevada's long-arm statutes allow courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. Nev.Rev.Stat. § 14.065(1) ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States."). Because Nevada exercises jurisdiction to the extent the Constitution permits, the Court need determine only whether personal jurisdiction in this case would meet the requirements of due process. *Harris Rutsky,* 328 F.3d at 1129.

■ Due process requires that to subject a defendant not present within the forum to personal jurisdiction, he must have " 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Id.* (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Court may exercise either general or specific personal jurisdiction. Plaintiff has presented no evidence Defendant DC has regular and systematic contacts with Nevada to support general personal jurisdiction and Plaintiff concedes general personal jurisdiction does not exist as to Defendant DC. Accordingly, the Court will determine whether it has specific personal jurisdiction over Defendant DC. A federal district court can exercise specific jurisdiction over a non-resident defendant only if (1) he purposefully directed his activities toward the forum state or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum; (2) the plaintiff's claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Id.*

■ Plaintiff, as the party asserting jurisdiction, bears the overall burden of establishing personal jurisdiction exists. *Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir.2002). Under the three-prong test for establishing specific personal jurisdiction, the plaintiff bears the burden of satisfying the first two prongs of the test, but if the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Where the issue is before the Court on a motion to dismiss based on affidavits and discovery materials without an evidentiary hearing, the plaintiff must make a prima facie showing of personal jurisdiction. *Ochoa,* 287 F.3d at 1187. The Court accepts as true any uncontroverted allegations in the Complaint and resolves any conflicts between the facts contained in the parties' evidence in the plaintiff's favor. *Id.*

### A. Purposeful Availment

■ "A non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of which is suffered-and which the defendant knows is likely to be suffered-in the fo-

rum." *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019–20 (9th Cir. 2002) (citing *Calder v. Jones,* 465 U.S. 783, 788–89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). Although referred to as purposeful availment, a plaintiff may show either that a defendant purposefully availed himself of the privilege of conducting activities within the forum or that a defendant purposefully directed his activities toward the forum. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir.2006). That the defendant committed an act in a foreign state which has foreseeable effects in the forum state does not necessarily show the defendant purposefully directed his act at the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1087 (9th Cir.2000). Instead, the plaintiff must demonstrate the defendant expressly aimed his out-of-state conduct at the forum state by engaging in wrongful conduct targeted at a plaintiff whom the defendant knows to be a forum state resident. *Id.* The plaintiff must satisfy all three prongs of the test to establish purposeful availment or direction. *Schwarzenegger,* 374 F.3d at 805.

The parties do not dispute Defendant DC engaged in an intentional act when it entered into an agreement with Champion Acquisition to transfer the living quarters trailer in exchange for $300,000. However, Defendant DC contends it did not purposefully avail itself of Nevada by engaging in the transaction. Plaintiff argues Defendant DC is owned and operated by the same controlling individual as Champion and Champion Acquisition. Plaintiff thus contends DC knew Champion had entered into a contract regarding the trailer with Plaintiff and knew that Plaintiff was a Nevada entity. Plaintiff thus contends that by fraudulently transferring the trailer to preclude Plaintiff from satisfying a judgment against Champion and with knowledge of Plaintiff's contractual rights, Defendant DC expressly aimed its activities at a target in Nevada.

The United States Court of Appeals for the Ninth Circuit has not addressed whether a party engaging in a fraudulent transfer outside of the forum state purposefully directs his activities at the forum state. Some district courts have found that where the defendant engaged in fraudulent transfers knowing that the effect of the transfer would be to deprive the forum plaintiff of means to satisfy a judgment, the defendant expressly aimed his conduct at the forum resident and thus purposefully directed his activities at the forum. *See Amoco Chem. Co. v. Tex Tin Corp.,* 925 F.Supp. 1192, 1200–01 (S.D.Tex. 1996) (finding defendant who participated in out-of-state transfer of all of another company's assets to avoid the company's obligations constituted intentional acts expressly aimed at the forum state).[1]

Assuming without deciding that a fraudulent transfer made with knowledge of the forum resident's rights or claims would satisfy the express aiming requirement, because Plaintiff relies on the fraudulent transfer to establish personal jurisdiction, Plaintiff must present a prima facie case of fraudulent transfer. Under Nevada law, a transfer is fraudulent if the debtor made the transfer:

(a) With actual intent to hinder, delay or defraud any creditor of the debtor; or

---

1. *See also C.D. Acquisition Holdings, Inc. v. Meinershagen,* 2007 WL 184796, \*5 (W.D.Pa. 2007) (unpublished) (finding an out-of-state fraudulent conveyance designed to avoid a Pennsylvania court judgment created harm felt in Pennsylvania by the Pennsylvania plaintiff); *Shane Matherne Enters., Inc. v. Sokolic,* 2006 WL 622821, \*4 (E.D.La.2006) (unpublished) (finding defendant's alleged out-of-state fraudulent transfer of a domain name was a specific act targeted at and felt in Louisiana).

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Nev.Rev.Stat. § 112.180(1). In determining whether the debtor acted with actual intent, the fact finder may consider whether the transfer was made to an insider; the debtor retained possession or control of the property after the transfer; the debtor concealed the transfer; the debtor had been sued or threatened with suit before making the transfer; the debtor transferred substantially all his assets; the debtor absconded; and the debtor removed or concealed assets. Nev.Rev.Stat. § 112.180(2). Additionally, the fact finder may consider whether the value of the consideration the debtor received was reasonably equivalent to the value of the asset transferred; the debtor was insolvent or became insolvent shortly after the transfer; the debtor transferred the asset around the time he incurred a substantial debt; and the debtor transferred the business's essential assets to a lienor who transferred the assets to an insider of the debtor. *Id.*

■ Alternatively, a transfer may be fraudulent if the debtor did not receive reasonably equivalent value in exchange for the transfer and the debtor was insolvent or became insolvent as a result of the transfer. Nev.Rev.Stat. § 112.190(1). Reasonably equivalent value may consist of satisfaction of an antecedent debt. Nev. Rev.Stat. 4f 112.170(1). Generally, the creditor bears the burden of proving the debtor was insolvent and the consideration

was inadequate. *Sportsco Enters. v. Morris,* 112 Nev. 625, 917 P.2d 934, 938 (1996). However, if the creditor produces evidence of "certain indicia or badges of fraud, the burden shifts to the defendant to come forward with rebuttal evidence that a transfer was not made to defraud the creditor." *Id.*

■ The Amended Complaint alleges Champion Acquisition transferred the trailer to Defendant DC for $300,000. (Am. Compl. at 8.) Plaintiff makes no allegations regarding DC's owners other than to allege the transfer to DC was a transfer to an insider. (*Id.* at 10.) Plaintiff presents a bill of sale dated June 10, 2005 from Champion Acquisition to DC selling the living quarters trailer for $300,000. (Response in Opp'n to DC Investments Mot. to Dismiss ["Pl.'s Opp'n," Doc. # 61], Ex. 6.) Plaintiff also presents an invoice showing Champion Acquisition applied the $300,000 to an outstanding balance rather than receiving the $300,000 in cash from DC. (Pl.'s Opp'n, Ex. 7.)

Plaintiff has not established a prima facie case of fraudulent transfer. First, Plaintiff has not alleged or presented no evidence of an actual intent to hinder, delay, or defraud Champion Acquisition's creditors. Although Plaintiff alleges the sale was to an insider, the allegation in the Amended Complaint is conclusory and is not supported by any factual allegations. In response to Defendant DC's motion, Plaintiff presents no evidence Defendant DC is an insider of Champion Acquisition. Plaintiff contends Defendant DC and Champion Acquisition share a common owner, Terry Whitesell ("Whitesell"). Plaintiff presents the bill of sale which shows Whitesell is a member of Champion Acquisition. However, Plaintiff presents no evidence regarding Whitesell's relationship to Defendant DC. Defendant DC denies Whitesell is a member or officer of

DC but presents no evidence supporting its assertion. (Def. DC Investments, LLC's Reply to Pl.'s Opp'n to Mot. to Dismiss [Doc. # 64] at 3.)

The only other indicia of fraud Plaintiff alleges is that the transfer occurred while Plaintiff and Champion were attempting to resolve their disputes regarding the trailer. This allegation alone does not present a prima facie case of fraudulent transfer. Plaintiff does not allege or present any evidence regarding any other indicia of fraud in the transaction. For example, Plaintiff does not allege or present evidence that Champion Acquisition retained possession of the trailer after the sale to DC, concealed the transfer, transferred substantially all its assets through the sale, became insolvent, or absconded.

■ Additionally, the evidence presented shows Champion Acquisition received reasonably equivalent value in exchange for the trailer. Plaintiff concedes $300,000 reflects the trailer's fair market value. (Pl.'s Opp'n at 3, 7.) The Amended Complaint expressly alleges Champion Acquisition transferred the trailer to DC for $300,000. The fact that DC did not pay cash to Champion Acquisition does not mean Champion Acquisition did not receive reasonably equivalent value because under Nevada law, satisfaction of an antecedent debt constitutes fair consideration. Consequently, Champion Acquisition's invoice reflecting a $300,000 credit on a debt to Defendant DC reflects reasonably equivalent value given in exchange for the trailer. Plaintiff presents no evidence, and the Amended Complaint does not allege, the antecedent debt was not a valid and existing debt.

■ Because Plaintiff cannot show purposeful availment or direction through a fraudulent transfer, the Court need not consider the remainder of the test for specific personal jurisdiction. However, Plaintiff requests the opportunity to conduct further discovery to show facts supporting jurisdiction. A court ordinarily should grant discovery regarding jurisdiction where the parties dispute pertinent facts bearing on the question of jurisdiction or more facts are needed. *Laub v. United States Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir.2003) (quotation omitted). However, a court may decline to permit further discovery if it is clear that further discovery would not produce evidence of facts supporting jurisdiction. *Id.* Thus, if the plaintiff's claim of personal jurisdiction "appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery...." *Pebble Beach Co.,* 453 F.3d at 1160. Whether to permit discovery on jurisdictional facts lies within the district court's discretion. *Id.* at 1154.

■ The Court, in its discretion, will permit discovery on jurisdictional facts because more facts regarding the transfer between Champion Acquisition and Defendant DC are needed to determine whether the transfer was fraudulent. Plaintiff asserts Defendant DC and Champion share common ownership as to both Whitesell and Durham. DC denies Whitesell's involvement, but does not deny Durham is an owner of both companies. The trailer purportedly went from Champion to Champion Acquisition, allegedly for no value or less than reasonably equivalent value, followed by a transfer from Champion Acquisition to DC. Plaintiff suggests these transfers were made at the direction of individuals with common ownership interests in the various companies. Plaintiff also notes no money changed hands for the transfer from Champion Acquisition to DC. Defendant DC did not present arguments in opposition to Plaintiff's request for discovery on jurisdictional facts. Given these circumstances, the Court will permit

Plaintiff to conduct discovery into the ownership interests in the various companies as well as the details surrounding the transfer of the trailer from Champion Acquisition to DC in exchange for satisfaction of debt. The Court therefore will deny Defendant DC's motion to dismiss without prejudice to renew upon the close of a sixty day discovery period. During this discovery period, the parties may conduct discovery only on the jurisdictional facts of the alleged fraudulent transfer.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant DC Investments, LLC's Motion to Dismiss (Doc. # 52) is hereby DENIED without prejudice to renew upon expiration of a sixty day discovery period.

IT IS FURTHER ORDERED that discovery is re-opened for a period of sixty (60) days from the date of this Order for the sole purpose of determining jurisdictional facts related to the alleged fraudulent transfer from Champion Acquisition to Defendant DC Investments, LLC.